UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL LUKE MEIER,

    Plaintiff,

v.

                        Case No. 22-cv-12154
                        Hon. Matthew F. Leitman

ALLSTATE PROPERTY AND
CASUALTY INS. CO,

    Defendant.

_____/

**ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 34) TO REPORT AND RECOMMENDATION (ECF No. 32); (2) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION; AND (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 19)**

    Between 2013 and 2015, Plaintiff Daniel Luke Meier and Defendant Allstate Property and Casualty Insurance Company ("Allstate") were adverse parties in a Michigan state court proceeding arising out of a vehicular accident that left Meier injured. That state court action was ultimately resolved against Meier at the summary disposition stage.

    On August 23, 2022, Meier, proceeding pro se, filed his Complaint in this civil action against Allstate. Meier claims that the state court proceedings were tainted by an illegal conspiracy against him by Allstate and the presiding state court judges. On December 19, 2022, Allstate filed its Answer and Affirmative Defenses, in which it denies most of Meier's allegations and denies any liability for Meier's claims.

1

On January 5, 2023, Meier filed a Motion to Strike and for Summary Judgment. (*See* Mot., ECF No. 19).  In that motion, Meier first argued that Allstate's Answer to the Complaint with Affirmative Defenses did not comply with Federal Rule of Civil Procedure 8(b) and should be stricken.  Meier then argued that after striking Allstate's Answer and Affirmative Defenses, the Court should then grant summary judgment in his favor because there will no longer be any denials of his allegations by Allstate on the record.

On March 13, 2023, Magistrate Judge David Grand issued an order in which he denied, among other things, the portion of Meier's motion in which he asked the Court to strike Allstate's Answer and Affirmative Defenses. (*See* Order, ECF No. 31.) Magistrate Judge Grand then issued a related Report and Recommendation (the "R & R"), in which he recommended that the Court should deny the portion of Meier's motion in which he sought summary judgment. (*See* R & R, ECF No. 32, PageID.201.) Magistrate Judge Grand explained in the R & R that summary judgment was inappropriate because he had denied Meier's motion to strike Allstate's Answer and Affirmative Defenses (the sole basis of Meier's summary judgment motion), and thus there was no reason to treat any of Meier's allegations as conceded. (*See id.*)

On March 23, 2023, Meier filed Objections to Magistrate Judge Grand's order denying his motion to strike and to the R & R. (*See* Obj., ECF No. 34.)  For the reasons explained below, the Court **OVERRULES** Meier's Objections (ECF No. 34),

**ADOPTS** the recommended disposition of the R & R (ECF No. 32), and **DENIES** Meier's Motion for Summary Judgment (ECF No. 19).

# I

Meier's Objections to Magistrate Judge Grand's order denying the motion to strike and his Objections to the R & R are reviewed under different standards. The Court may reverse the order denying the motion to strike "only if it is 'clearly erroneous or contrary to law.'" *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) (quoting Fed.R.Civ.P. 72(a)). "This standard requires [the Court] to review findings of fact for clear error and to review matters of law de novo." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019). "A [factual] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id* . Finally, "[a]n order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Id.*

In contrast, the Court reviews the R & R *de novo. See* Fed.R.Civ.P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004).

# II

Meier has not shown any error in Magistrate Judge Grand's order denying his motion to strike Allstate's Answer and Affirmative Defenses. Allstate's pleading complies with Federal Rules of Civil Procedure 8(b)(2) & (3). In its Answer, Allstate separately addressed each paragraph of Meier's Complaint, and it either denied the

allegations in those paragraphs or asserted that it lacked information or knowledge sufficient to form a belief as to the truth of the allegations. Meier may believe that some of Allstate's denials are factually incorrect, but even if that were true, it would not warrant striking Allstate's Answer. Finally, while Meier asserts that some of Allstate's denials were not made in good faith, he has failed to make a persuasive showing in that regard.

For these reasons, the Court **OVERRULES** Meier's Objections to the order denying his motion to strike Allstate's Answer and Affirmative Defenses.

### III

The Court next turns to Meier's Objections to the R & R. As noted above, Magistrate Judge Grand concluded in the R & R that Meier was not entitled to summary judgment because the basis of his request for summary judgment – *i.e.*, that Allstate's denials were invalid – had been rejected. Because Meier has not shown any error in Magistrate Judge Grand's conclusion that Allstate's Answer and Affirmative Defenses were proper, he cannot possibly establish any error in the R & R. The Court therefore **OVERRULES** Meier's Objections to the R & R.

### IV

Finally, the Court wishes to address Meier's personal attacks against Magistrate Judge Grand. In his Objections, Meier accuses Magistrate Judge Grand of conspiring against him and committing "a violent and offensive fraud upon the court." (*Id.*, PageID.225.) Meier even claimed that Magistrate Judge Grand's ruling "is religious

4

persecution of a Christian Plaintiff by a Jewish Judge just as his religion teaches." (*Id.*, PageID.233.)

These absolutely baseless attacks on Magistrate Judge Grand have no place in this litigation. The Court warns Meier that if he continues to lodge wholly-meritless personal attacks upon Magistrate Judge Grand, he (Meier) will be subject to sanctions, up to and including dismissal of his claims with prejudice.

## IV

For the reasons explained above, Meier's Objections (ECF No. 34) to the order denying his motion to strike (ECF No. 31) and the R & R are **OVERRULED**, the recommended disposition of the R & R (ECF No. 32) is **ADOPTED**, and Meier's Motion for Summary Judgment (ECF No. 19) is **DENIED**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: May 1, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 1, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

5