UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL LUKE MEIER,

                    Plaintiff,                          Civil Action No. 22-12154

v.                                                      Matthew F. Leitman
                                                        United States District Judge

ALLSTATE PROPERTY AND
CASUALTY INS. CO.,                                      David R. Grand
                                                        United States Magistrate Judge

                    Defendant.
_____/

### REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 37) AND TO DISMISS PLAINTIFF'S COMPLAINT

On August 23, 2022, *pro se* plaintiff Daniel Luke Meier ("Meier") brought this

action under 42 U.S.C. § 1983 against defendant Allstate Property and Casualty Insurance

Company ("Allstate") in the United States District Court for the Northern District of Texas,

and the case was transferred to this Court on September 8, 2022. (*See* ECF Nos. 1, 3).[1]

Meier and Allstate were adverse parties in prior Michigan state court litigation arising out

of a serious accident that occurred on June 3, 2013, when Meier was struck by a car while

riding his bicycle. (ECF No. 1). Meier suffered serious injuries and sued the driver,

Amanda Berger ("Berger"), and her insurance carrier, Allstate, in various actions in the

Wayne County Circuit Court. Meier lost that litigation and pursued appeals all the way

through the United States Supreme Court, which denied his petition for writ of certiorari.

---

[1] This case was referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. § 636(b).

In his instant complaint, Meier alleges that the only reason his state court claims were resolved against him is because Allstate "conspired" with state court judges and committed "fraud on the court."

Presently before the Court is Allstate's Motion for Partial Summary Judgment, in which Allstate argues that Meier's complaint should be dismissed as to any and all claims that were or should have been raised in the prior state court proceedings between them as barred under *res judicata*. (ECF No. 37). Meier filed a response, and Allstate filed a reply. (ECF Nos. 39, 40).

The Court finds that oral argument will not aid it in resolving the motions, and declines to hold a hearing. *See* E.D. Mich. LR 7.1(f)(2).

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Allstate's Motion for Partial Summary Judgment **(ECF No. 37)** be **GRANTED**, and that Meier's complaint be **DISMISSED**.

## II.    REPORT

### A.    Background

*Meier's Accident*

On June 3, 2013, Meier was riding a "Motorized Bicycle" on the roadway when he "was hit in the rear tire" by a car being driven by Berger, and "crashed into the curb." (ECF No. 37-2, PageID.299). Meier contends this accident caused him to suffer a "severe closed head injury," "severe permanent scarring," "fractured skull, severe cognitive issues, broken collar bone, broken nose, stitches, suffered seizures, hearing loss, torn (nearly severed)

2

ligaments in both shoulders, memory loss, [and] months of rehabilitation . . ." (ECF No. 1, PageID.2; ECF No. 39-3, PageID.679-80).

*Meier Sues Allstate and Berger in Wayne County Circuit Court*

In 2013, Meier sued Allstate and Berger in two Wayne County Circuit Court cases that were ultimately consolidated into one ("*Meier I*") before the Honorable Kathleen MacDonald. (ECF No. 1, PageID.4; ECF No. 37, PageID.275).

In *Meier I*, Meier sued Allstate for breach of contract for payment of Michigan No-Fault Personal Injury Protection ("PIP") benefits, arguing that he was entitled to PIP benefits pursuant to "an automobile insurance policy issued to [] Berger that was then in full force and effect" at the time of the accident. (ECF No. 37-5). Meier contends that case evaluators determined his injuries "surpass[ed] the requirement of serious impairment of bodily function as presented" and "unanimously" gave an award in his favor, but it appears the award was not accepted by all parties. (ECF No. 1, PageID.4-5). Allstate ultimately filed a motion for summary disposition under MCR 2.116(C)(8) and (C)(1), arguing that Meier had not provided "any evidence to support a claim for allowable expenses nor wage loss benefits," had not "sought any treatment regarding any injuries sustained in the June 2013 motor vehicle accident that is the subject of this suit," and had "never been disabled from working and therefore has not provided proof to support a wage loss claim." (ECF No. 37-6, PageID.317-26).

After a hearing, on September 30, 2015, Judge MacDonald issued an Order granting Allstate's motion for summary disposition, which stated that "[t]his Order hereby resolves all matters and closes this case." (ECF No. 37-7). Meier filed a motion for reconsideration,

which was denied.  (ECF No. 37-8).  Meier then filed an appeal of *Meier I* to the Michigan Court of Appeals, where, on November 18, 2015, his "claim of appeal" was "DISMISSED for failure to pursue the case in conformity with the rules," but the "[d]ismissal [was] without prejudice to whatever other relief may be available consistent with the Court Rules."  (ECF No. 37-9, PageID.436).

*Meier Again Sues Allstate and Berger in Wayne County Circuit Court*

More than six months after the dismissal of his appeal in *Meier I*, on May 26, 2016, Meier filed another Wayne County Circuit Court case against both Allstate and Berger ("*Meier II*").  (ECF No. 37-10).  In *Meier II*, Meier raised various claims of fraud.  For example, Meier alleged that the case evaluation "tribunal" previously gave a unanimous award in his favor, but that Allstate nonetheless "maliciously, vexatiously, and in bad faith" filed a "motion[] to dismiss" even though Allstate had "already had a full and fair chance" to argue that Meier's complaint was frivolous during its "evaluation summary," and even after "the tribunal [] in effect already awarded a summary judgment unanimously in favor of the plaintiff."  (ECF No. 37-11, PageID.442-46).  He alleged that Allstate stated that "a pastor doesn't deserve a settlement," and that a mediator told Allstate that it was "going to lose at trial."  (*Id.*, PageID.446).  He alleged that Judge MacDonald was "well aware that if both parties reject the evaluations the cases proceed to jury trial in the normal mode as a matter of law as per MCR 2.403(N)(1)," but nonetheless granted Allstate's "baseless" and "illegal" motion, which was a demonstration of her own "bad faith this time."  (*Id.*, PageID.446-47).  He alleged that "at the hearing for the dismissals, Judge M[a]cDonald stated that 'if' the plaintiff agreed to binding arbitration, she would withdraw the dismissals

4

which in fact is an admission by the judge that she knowingly is using the dismissals as a threat or club to illegally force the plaintiff to arbitrate and give up his right to a jury trial." (*Id.*, PageID.448).  Judge MacDonald also allegedly engaged in "unlawful ex-parte hearing on the plaintiff's pro se motion for reconsideration, clarification and set aside and never notified the plaintiff of the hearing[,] but did have the plaintiff[']s [] attorney show up with the defendant's attorney." (*Id.*, PageID.448).  He further alleged that Judge MacDonald "mentioned a directed verdict if it came back to her on appeal by the plaintiff to further deny justice," and that all of these actions demonstrate "a fair and impartial hearing [before Judge MacDonald] is entirely unlikely" and constituted "intolerable fraudulent behavior . . . including the fraud upon the court preventing the case from moving forward. . ." (*Id.*, PageID.448-49).  Finally, he alleged that:

> Until justice is served, the law states that due to the fraud upon the court, the judgment "never becomes final" and any illegal later decision failing to correct the errors and in so supporting it is also not a final decision because it was accomplished through illegal means, not through due process of law and justice.  Therefore, the complaint may always be refiled, since fraud upon the court has no statute of limitations and the timely filing of the initial complaints has forever fulfilled any initial timely filing requirements or statute of limitations for both cases

(*Id.*, PageID.450-51).

On January 4, 2017, Allstate filed a "Motion to Dismiss Plaintiff's Claim for Failure to Comply with Court Order, or in the Alternative, to Compel Discovery and Deem Request for Admissions, Admitted." (ECF No. 37-12, PageID.472).  A hearing was held before a different judge, the Honorable David A. Groner, on January 27, 2017, after which Judge Groner issued an Order granting Allstate's motion to dismiss for failure to comply with the

court's discovery order.  (ECF No. 37-13, PageID.530-31; *see also* ECF No. 37-12, PageID.470).  Notably, Judge Groner's order stated that Allstate's motion to dismiss was "GRANTED for the reasons stated on the record ***thereby dismissing Plaintiff's claim against Allstate with Prejudice . . . This Order resolves all pending claims and closes this case***."  (ECF No. 37-13, PageID.531) (emphasis added).

Meier appealed the dismissal of *Meier II* to the Michigan Court of Appeals, arguing that the trial court erred in "granting Allstate's motion to dismiss due to plaintiff's failure to comply with the trial court's discovery order, denying plaintiff's motion to default Allstate for failing to answer the complaint, granting Berger's motion for summary disposition under MCR 2.116(C)(7), and denying plaintiff's motion for summary disposition under MCR 2.116(C)(10) [] and (C)(9). . ."  (ECF No. 37-14; *Meier v. Berger*, 2018 WL 4658038, at *1).  On appeal, the Michigan Court of Appeals affirmed.  First, as to Judge Groner's grant of Allstate's motion to dismiss, the Court of Appeals explained:

> Plaintiff first argues that the trial court erred in granting Allstate's motion to dismiss under MCR 2.504(B) and MCR 2.313(B) due to plaintiff's failure to comply with the trial court's discovery order.  MCR 2.504(B)(1) provides that a defendant may move for the dismissal of an action if the plaintiff fails to comply with the court rules or a court order.  MCR 2.313(B)(2)(c) offers a number of possible sanctions that a trial court may impose against a party for failing to comply with a discovery order, including entering an order dismissing a proceeding or rendering a judgment by default.

> \* \* \* \* \* \* \* \*

> As the record confirms, plaintiff had not supplied crucial information to Allstate denoting which benefits he claimed he was entitled.  Whether plaintiff's noncompliant conduct interfered with appropriate attempts to discover information vital to the proper development and presentation of the case is a consideration in determining the appropriate sanction.

6

Also, plaintiff missed several opportunities over a long period of time to comply with Allstate's request and then the trial court's order . . .

. . . In the more than six months that the trial court made available to plaintiff to provide discovery responses, plaintiff filed several motions without providing the information or producing a supported legal argument exempting him from providing the information to Allstate. . . Plaintiff's response to defendant's motion to dismiss or compel discovery included a recounting of the history of the previous lawsuit and claims that Allstate's liability had been established by a case-evaluation panel.  Plaintiff also submitted a response to Allstate's reply regarding discovery requests stating that Allstate was in default, that Allstate's liability had been established, and that Allstate had discovery information from the previous lawsuit.

Thus, plaintiff's response over an extended period of time evidence an intent to withhold discovery and to not participate properly in the proceedings as ordered.  Additionally, it was not clear that a sanction less than dismissal would have assisted plaintiff in following the order as the discovery information requested was basic to plaintiff's claims and Allstate's defense, and admitting the request for admissions would be fatal to plaintiff's claims.  Given the effort plaintiff exerted to assert the intractability of his refusal to provide the discovery responses, it was evident that plaintiff "flagrantly and wantonly refuse[d] to facilitate discovery," and that the trial court's dismissal was within the range of reasonable and principled outcomes.

(ECF No, 37-14, PageID.534-35) (citations omitted).

As to the denial of Meier's motion for default judgment against Allstate, the Court

of Appeals stated:

Plaintiff attempted to serve Allstate by serving the summons and complaint on Berger's attorney.  This was insufficient to effect service on Allstate under MCR 2.105.  Because plaintiff did not properly serve Allstate, the time period for Allstate's answer had not extinguished when plaintiff sought a default against the insurer.  The trial court did not abuse its discretion in denying plaintiff's motion for a default judgment against Allstate.

(*Id.*, PageID.535).

Finally, the Court of Appeals affirmed the grant of Berger's motion for summary disposition on the basis of *res judicata*, explaining that Judge MacDonald's order granting summary disposition in *Meier I* barred relitigation of Meier's claims against Berger in *Meier II* "because plaintiff's previous lawsuit was decided on the merits, the matter in the instant case was also contested in the previous case, and plaintiff filed against Berger in both cases . . ." (*Id.*, PageID.535-56).

Meier filed a motion for reconsideration of the Court of Appeals' judgment, which was denied. (ECF No. 37-15). He then applied for leave to appeal to the Michigan Supreme Court, but that application was also denied, with the Michigan Supreme Court stating, "we are not persuaded that the questions presented should be reviewed by this Court." (ECF No. 37-16, PageID.540). Thereafter, Meier filed a petition for a writ of certiorari with the U.S. Supreme Court, which was denied, and then a petition for rehearing, which was also denied.[2]

*Meier Sues Allstate in Federal Court – the Instant Action*

On August 23, 2022, Meier filed the instant lawsuit against Allstate in the Northern District of Texas, which was subsequently transferred to this Court on September 12, 2022. (ECF No. 37-17; ECF No. 1). The Court previously summarized the allegations in Meier's complaint it its March 13, 2023 Order, as follows:

> In the instant federal court action Meier again sues Allstate. He asserts that he is "not seeking to relitigate" *Meier I* or *Meier II*. (ECF No. 1, PageID.2). Rather, Meier claims that Allstate violated his "constitutional and civil rights" when it "conspired" with the state court

---

[2] *See* https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/19-5285.html (last accessed June 20, 2023).

8

judges in those cases "to block a jury trial, block default judgments, filed multiple frivolous motions in bad faith, and blocked discovery . . ." (*Id.*). A fair summary of Meier's allegations in his instant complaint is that everything Allstate did in the State Court Action was "fraudulent," that it "conspired" with the state court judges "to deny [him] equal protection under the law," and that the state court judges' decisions against him were all "arbitrary" and "illegal."

Meier's complaint seems to rest largely, if not entirely, on a slew of patently incorrect legal conclusions. For example, he notes that the case evaluation "tribunal" gave an award in his favor – which certainly could be true – but then claims, without any legal support whatsoever, that that award "is res judicata as to the merits of the case" and that having "established the merits [of the case], by due process, it automatically goes to jury trial if there is a disagreement as to the amount of the award."[3] (ECF No. 1, PageID.5; *see also id.*, PageID.16). Another example is Meier's assertion that when Allstate chose to waive its right to file an opposition to his petition for writ of certiorari in the U.S. Supreme Court it "admit[ed] everything [he] had in the petition including all facts and law."[4] Again, Meier is simply wrong about these legal principles, which appear to form the basis for his entire complaint. (*See, e.g.*, ECF No. 1, PageID.1 ("Allstate filed a waiver admitting all lower court facts . . ."); 2 (Meier asserting that he is seeking to "enforce

---

[3] Meier cites MCR 2.403(N)(1) for this proposition, but he is clearly wrong about its import. MCR 2.403, entitled "Case Evaluation," provides a mechanism in Michigan state court cases by which three-person "panels" comprised of attorneys or judges (other than the presiding trial judge) evaluate cases and give evaluation "awards" that each party may accept or reject. MCR 2.403(D), (K), (L). The Rule makes clear that "Selection of an action for case evaluation has *no effect* on the normal progress of the action toward trial." MCR 2.403(B)(2) (emphasis added). It is true that MCR 2.403(N)(1) provides, "[i]f all or part of the evaluation of the case evaluation panel is rejected, the action proceeds to trial in the normal fashion." However, this does not mean that if one or more of the parties rejects the evaluators' award, then, no matter what occurs during the rest of the litigation, and no matter what procedural or substantive rulings the court may make, the case goes to trial. Rather, the reference to "normal fashion" clearly contemplates that issues could arise impacting the case's ultimate resolution, including whether it is dismissed before trial. Meier's contrary interpretation is indisputably wrong.

[4] While not opposing the writ may have waived Allstate's right to "object[] to consideration of a question presented" *as to whether the petition itself should be granted*, Supreme Court Rule 15, when the Supreme Court does grant a petition for cert, that merely means it is agreeing to hear the case on its merits. Indeed, once the Court agrees to hear a case, a whole new round of "merits" briefing deadlines is set, and the respondent may file a response to the petitioner's brief. Supreme Court Rule 24 ("Briefs on the Merits").

. . . an admission of the facts and merits of the case"); 3; 6-7; 8 ("Allstate even filed a waiver to the U.S. Supreme Court petition [for cert] admitting everything stated by plaintiff was true.").

(ECF No. 31, PageID.195-96 (footnotes in original); *see also id.* PageID.192-95).

*Allstate's Instant Motion for Partial Summary Judgment*

Allstate now moves for partial summary judgment, arguing that Meier's instant complaint raising claims for entitlement to PIP benefits and fraud related to his state court proceedings were either already adjudicated on the merits or should have been raised in those prior proceedings, and are therefore barred by the doctrine of *res judicata*.

**B.    Standard of Review**

Pursuant to Federal Rule of Civil Procedure 56, the Court will grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011). A fact is material if it might affect the outcome of the case under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the Court assumes the truth of the non-moving party's evidence and construes all reasonable inferences from that evidence in the light most favorable to the non-moving party. *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *See Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 325 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009).  "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'"  *Wrench LLC v. Taco Bell Corp.,* 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)).  In response to a summary judgment motion, the opposing party may not rest on its pleadings, nor "'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion."  *Alexander*, 576 F.3d at 558 (internal quotations omitted).

### C.    Analysis

In its motion, Allstate argues that summary judgment is warranted on Meier's claims against it because the evidence makes clear that his claims of fraud and entitlement to PIP benefits were either previously adjudicated and dismissed with prejudice in state court, or should have been raised in those prior state proceedings.  (ECF No. 37).  Thus, Allstate requests that this Court grant it summary judgment "as to any issues that were or should have been raised in any of the prior proceedings between Plaintiff and Defendant Allstate" because such are as barred by *res judicata*.  (*Id.*, PageID.294).

"Res judicata provides that federal courts must give state court judgments the same effect the rendering state court would give them."  *Hutcherson v. Lauderdale Cnty., Tennessee*, 326 F.3d 747, 755 (6th Cir. 2003); *see also* 28 U.S.C. § 1738.  In Michigan, "a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to

a subsequent action involving the same claim, demand or cause of action." *Meier v. Berger*, 2018 WL 4658038, at *4 (Mich. Ct. App. Sept. 27, 2018) (citing *Wayne Co. v. City of Detroit*, 233 Mich. App. 275, 277; 590 N.W.2d 619 (1998)).  The doctrine of *res judicata* bars a second, subsequent action when "(1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies." *Id.* (citing *Verbrugghe v. Select Specialty Hosp.-Macomb Co., Inc.*, 279 Mich. App. 741, 744-745; 760 N.W.2d 583 (2008)).  Michigan courts apply the doctrine broadly to bar not only claims already litigated, "but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Adair v. State*, 470 Mich. 105, 121; 680 N.W.2d 386 (2004); *see also Hutcherson*, 326 F.3d at 758 n.3 (stating that because state court cases defining "res judicata" used the term as a "general term referring to all of the ways in which one judgment will have a binding effect on another," the Sixth Circuit "will do the same for the purposes of this appeal.").

"[D]ismissals with prejudice generally are judgments on the merits that bar plaintiffs from refiling their claims in the court that dismissed them." *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766 (6th Cir. 2015) (citing *Semtek Int'l Inc.*, 531 U.S. at 505-06); *see Haddad v. Michigan Nat. Corp.*, 34 F. App'x 217, 218 (6th Cir. 2002) ("Unless otherwise specified, a judgment of dismissal operates as an adjudication upon the merits. Fed.R.Civ.P. 41(b). A dismissal with prejudice is considered a final judgment on the merits for purposes of res judicata. []. The record indicates that Haddad's previous actions were dismissed with prejudice, and Haddad offers nothing more than her own opinion to

conclude otherwise."); *Grimmer v. Lee*, 310 Mich. App. 95, 102 (2015) ("A dismissal *with*

prejudice amounts to an adjudication on the merits and bars a further action based on the

same facts.") (emphasis in original).  Importantly, the Michigan Court of Appeals has held

that a dismissal with prejudice **_for violation of court order_** is an "adjudication on the

merits" for *res judicata* purposes.[5]  *See Wilson v. Knight-Ridder Newspapers, Inc.*, 190

Mich. App. 277, 278-89 (1991); M.C.R. 2.504(B)(1), (3) ("If a party fails to comply with

these rules or a court order, upon motion by an opposing party, or sua sponte, the court

may enter . . . a dismissal of the noncomplying party's action or claims. . . . Unless the court

otherwise specifies in its order for dismissal, a dismissal under this subrule or a dismissal

not provided for in this rule, other than a dismissal for lack of jurisdiction or for failure to

join a party under MCR 2.205, operates as an adjudication on the merits.").[6]

      Before addressing Allstate's arguments for summary judgment on the basis of *res*

---

[5] This speaks to Meier's question during a hearing in this case where he failed to recognize that while a decision "on the merits" is typically one that assesses the relevant underlying evidence and legal arguments, there can be instances where a dismissal not based on such an analysis is deemed to have been "on the merits," such as the case here, where Meier's state court action was dismissed due to his violation of the state court's discovery orders.  (ECF No. 39, PageID.588-89).

[6] While Michigan law governs the issue here, it is worth noting that federal law is the same.  *See KCI USA, Inc. v. Healthcare Essentials, Inc.*, 801 F. App'x 928, 936–37 (6th Cir. 2020) ("The Federal Rules of Civil Procedure permit courts to enter default judgment as a sanction for disobeying discovery orders. . . . [D]ismissal as a sanction does not violate the right to a jury trial" under the 7th Amendment because "a punitive dismissal [for a discovery violation] is equivalent to an adjudication on the merits.").  (Citation omitted).  *See also* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) ["Involuntary Dismissal"] . . . operates as an adjudication on the merits.").  Thus, Meier's contention in this complaint that "[a] denial of a jury trial at this point of the process demonstrates arbitrary bias per se, denial of due process, and is also a violation of Constitutional and due process rights under the 7th and 14th Amendment of the Constitution" (ECF No. 1, PageID.5), lacks merit.  *KCI USA*, 801 F. App'x at 936-37.

*judicata*, there are a few preliminary issues that Meier raises in opposing summary judgment that should be addressed.  First, Meier asserts that:

> Allstate continually attempts to address this federal fraud case as if it is a negligence and PIP claim . . . .  It is not, and logically since they refuse to acknowledge the fact that this is a fraud claim and refuse to properly address it as such, they have lost that chance in their responsive pleading as a matter of law to specifically deny the prima facie application of 42 U.S.C. § 1983 the Plaintiff presented with proof.  It is now admitted by failure to deny under the law FRCP Rule 8(b)(6).  This is known as "admission by silence" because they were given sufficient information to admit or deny the allegations.

(ECF No. 39, PageID.578).[7]

Meier's assertion that Allstate refused to acknowledge and address his fraud claim in this case lacks merit.  Allstate specifically argues in its motion that Meier "is precluded from alleging fraud against Allstate as it applies to both *Meier I and Meier II* proceedings" because his "present complaint is wrought with allegations (without support of law or fact) of fraud perpetrated by both Allstate and the trial court, including fraud upon the court,

---

[7] Meier appears to clarify that he is not, in this case, raising a claim that he is entitled to PIP benefits, but to the extent he is seeking such benefits, the record evidence confirms that, on September 30, 2015, Judge MacDonald issued an Order granting Allstate's motion for summary disposition in *Meier I* as to his PIP claim.  (ECF No. 37-7).  It is well established in Michigan that "[t]he grant of summary disposition acts as an adjudication on the merits which bars relitigation on the basis of res judicata." *Meier v. Berger*, 2018 WL 4658038, at *11.  Meier's assertion in his complaint that the "court of appeals found that ***[this] order from Judge MacDonald*** was to be considered as being 'without prejudice'" (ECF No. 1, PageID.10) (emphasis added), is simply wrong; the Michigan Court of Appeal's order clearly states that Meier's "*claim of appeal*" was "dismissed for failure to pursue the case in conformity with the rules," and that such dismissal of the *appeal* would be "without prejudice to whatever other relief may be available consistent with the Court Rules." (ECF No. 37-9, PageID.436) (emphasis added); *see also Meier v. Berger*, 2018 WL 4658038, at *1 ("This is plaintiff's second lawsuit . . . involving the same accident.  The first was *summarily dismissed* and, on appeal, this Court dismissed plaintiff's *appeal* for failure to conform to court rules.") (emphasis added).  In short, the Michigan Court of Appeals did not rule that *Judge MacDonald's order* granting summary disposition was a dismissal without prejudice, but that *Meier's appeal* of that order was dismissed without prejudice.

corruption, and frivolous and malicious filings, many of which are restatements of [Meier's] 2016 complaint [in *Meier II*]."  (ECF No. 37, PageID.292-93).  Moreover, this Court, in its March 13, 2023 Order, rejected Meier's argument that Allstate "admitted" to fraud based on a "failure to deny" his fraud allegations.  (*See* ECF No. 31, PageID.199-201 ("Meier contends that because Allstate has supposedly admitted all of the allegations in his complaint, he is entitled to summary judgment.  Meier's arguments all lack merit . . . .  [A]lthough it is true that Allstate provided a general denial for certain paragraphs of Meier's complaint rather than offering a separate response for every single sentence in every single paragraph of his complaint, [] Rule [8(b)] allow[s] for this. . . [and] Allstate specifically denies having committed any fraud in connection with the state court litigation . . ."); *see also* ECF No. 42, PageID.793-95)).  Similarly, to the extent Meier asserts that "Allstate, also in bad faith, conveniently ignores the two unanimous evaluations in Plaintiff's favor . . . [t]hat on August 6, 2014, after briefing by both parties a tribunal evaluated case on the merits [] as a matter of law and fact and found 'unanimously' in favor of the Plaintiff" (ECF No. 39, PageID.579), this Court already explained above, *see supra* at 9, why Meier's assertion that a case evaluation tribunal's proposed award in his favor constituted "res judicata as to the merits of the case" is misguided.  Indeed, a case evaluation tribunal's proposed award has no bearing whatsoever on the litigated fundamental resolution of the parties' claims and defenses.

As to Allstate's motion based on *res judicata*, Meier's arguments in response are somewhat difficult to decipher, but, as best as can be discerned, he does not contest that his state court proceedings and the instant federal action involve the same parties or their

privies – Meier, Allstate, and state court trial judges MacDonald and Groner.  Rather, the

gravamen of Meier's response appears to be that, for purposes of *res judicata*, Allstate

cannot rely on "prior orders or judgments having been 'previously litigated' through fraud

which have absolutely *no impact whatsoever* on the merits of this instant federal case"

because "Allstate has not and cannot provide any proof res judicata applies to any of their

prior orders or rulings made through fraud upon the court or that they preclude addressing

anything moving forward."   (ECF No. 39, PageID.580-81 (emphasis in original)).

According to Meier, "[n]o order denying the Plaintiff a decision in his favor on what was

admitted will ever be res judicata, because the original claims stated a claim on which relief

could be granted and denial of that relief can only be done by fraud and the depravation of

the Plaintiff's rights under the law," and thus "[t]he prior illegal orders supported by fraud

upon the court is evidence of nothing except that it validates that injustice did in fact occur."

(*Id.*, PageID.578, 583).[8]   In addition to the fact that Meier has provided no basis for his

---

[8] It is worth noting that Meier's motion cites cases that are wholly unrelated to the issues in this case, and attributes quotes to these cases that are nowhere to be found in the opinions themselves. For instance, Meier states:

> These citings demonstrate that a summary judgment obtained through fraud upon the court is *not* considered a final judgment on the merits and *may be set-aside at any time*.  In the case of Cote v. Wadel, 796 F.2d 981 (7th Cir. 1986), the court held that a summary judgment obtained through fraud upon the court is *not a final judgment on the merits*.  The court stated that "a judgment which is procured through *fraud upon the court is not a judgment on the merits*." In the case of United States v. Beggerly, 524 U.S. 38 (1998), the Supreme Court stated that "a judgment obtained by *fraud upon the court is not a judgment on the merits*."  The Court further explained that a judgment obtained by fraud upon the court is *void, and that it may be attacked at any time*.  In the case of Higgins v. Mississippi, 217 F.3d 951 (5th Cir. 2000), the court held that a summary judgment obtained through fraud upon the court is *not a final judgment on the merits.*  The court explained that "a judgment

circular and conclusory "fraud in perpetuity" arguments, those arguments also cannot help

him escape the fact that, in *Meier II*, he raised the *exact same fraud claims* he now raises

in this action, based on the *same alleged conspiracy* between Allstate and Judge

MacDonald in *Meier I* that ultimately resulted in summary disposition for the defendants.

To be clear, the fraud claims Meier raises in this case were already decided against him in

*Meier II*, making them a quintessential example for applying *res judicata*.

In *Meier II*, Meier alleged that, in *Meier I*: (1) Allstate fraudulently filed a frivolous

motion to dismiss despite "the tribunal [] in effect already award[ing] a summary judgment

unanimously in [his] favor"; (2) Allstate stated to Judge MacDonald that "a pastor doesn't

deserve a settlement," and a mediator stated that Allstate was "going to lose at trial"; (3)

---

obtained through ***fraud upon the court is not a final judgment on the merits, and it may be set aside at any time.***" In <u>Brooks</u> v. <u>Lockheed Martin Corp.</u>, 237 F.3d 363, 367 (5th Cir. 2001), the court held that a ***dismissal with prejudice based on fraud upon the court "does not resolve the factual or legal issues presented by the case on the merits."***

(ECF No. 39, PageID.584-85) (emphasis in original). The Court has reviewed these decisions, none of which address the question of whether an alleged "fraudulent judgment" is a "final judgment on the merits." Moreover, the cases do not even contain the quoted language that Meier attributes to them. *See, e.g.*, *Cote*, 796 F.2d 981 (affirming a district court's dismissal of an action for lack of personal jurisdiction over defendant); *Beggerly*, 524 U.S. 38 (holding that a claimant's action to vacate a consent decree entered in the government's pervious quiet title action and to recover just compensation for taking of their property did not satisfy the requirements of an independent action for relief from judgment); *Higgin*, 217 F.3d 951 (holding that a defendant state's failure to invoke its Eleventh Amendment immunity did not preclude the district court from dismissing the state from the case on its own initiative). Meier's citation to "Brooks v. Lockheed Martin Corp., 237 F.3d 363, 367 (5th Cir. 2001)," is in error; the actual cite for that case appears to be *U.S. ex rel. Brooks v. Lockheed Martin Corp.*, 237 F. App'x 802 (4th Cir. 2007). Again, that case does not contain the quote attributed to it by Meier. Finally, the Court searched Westlaw for each of the purported quotes provided by Meier, and no court opinion contains any of them.  !

Judge MacDonald was "well aware that if both parties reject the evaluations the cases proceed to jury trial in the normal mode as a matter of law as per MCR 2.403(N)(1)" but nonetheless granted Allstate's "illegal" motion to dismiss; (4) Judge MacDonald "knowingly" used "the dismissals as a threat or club to illegally force the plaintiff to arbitrate and give up his right to a jury trial"; (5) Judge MacDonald engaged in an "unlawful ex-parte hearing on the plaintiff's pro se motion for reconsideration [] and never notified the plaintiff of the hearing[,] but did have the plaintiff[']s attorney show up with the defendant's attorney"; and (6) Judge MacDonald "mentioned a directed verdict if [the case] came back to her on appeal [] to further deny justice . . ." (ECF No. 37-11, PageID.442-49). Because Judge Groner dismissed *Meier II* "with Prejudice" based on Meier's failure to comply with the court's discovery orders, there was an "adjudication on the merits" for purposes of *res judicata*, and Meier is barred from relitigating those same claims in this instant federal case. (ECF No. 37-13, PageID.531); *Wilson*, 190 Mich. App. at 278-89 (dismissal with prejudice for violation of court order was an "adjudication on the merits" for res judicata purposes); *Grimmer*, 310 Mich. App. at 102 ("A dismissal *with* prejudice amounts to an adjudication on the merits and bars a further action based on the same facts."); *Adair*, 470 Mich. 105, 121 (applying doctrine of *res judicata* broadly to bar not only claims already litigated, "but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not.").

Meier does not dispute that he is attempting to raise the same purported fraud claims here, but instead asserts that *res judicata* cannot apply because "there are 'continuing acts' of fraud by Allstate." (ECF No. 39, PageID.583). This argument is of no avail. First, the

"continuing violations" doctrine applies to toll the statute of limitations with respect to conduct that would otherwise fall beyond its reach, *Tolbert v. State of Ohio Dep't of Transp.*, 172 F.3d 934, 940 (6th Cir. 1999), but that issue has no bearing on the *res judicata* question.  Second, as explained above, each of the purported "continuing acts" of fraud identified by Meier were either already decided against him, or are not actionable.  (ECF No. 39, PageID.586-87) ((1) "Allstate filed a Supreme Court waiver;" (2) "[Case Evaluation] Tribunal decision is on the merits;" (3) "Allstate conspired with judge to deny a jury trial;" (4) "Allstate blocked discovery;" (5) "No statute of limitations for fraud on the court," and (6) "Allstate defaulted by failure respond within time.").

Likewise, to the extent Meier alleges that fraud occurred during the state trial proceedings in *Meier II*, such as his claim that the trial court fraudulently granted Allstate's motion to dismiss for failure to comply with discovery orders or denied his motion to default Allstate for failing to answer the complaint, Meier appealed the trial court's rulings to the Michigan Court of Appeals, which affirmed, and then to the Michigan Supreme Court, which denied his application for leave to appeal, and then to the U.S. Supreme Court, which denied *cert*.  (ECF Nos 37-15, 37-16).  Thus, Meier's claims of fraud pertaining to the proceedings in *Meier II* are barred by *res judicata*, which applies broadly to not only claims he actually litigated, "but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not," *Adair*, 470 Mich. 105, 121, and any matters that "could have been resolved in the first [action]" involving the same parties that was decided on the merits.  *Meier*, 2018 WL 4658038, at *4.

In sum, even liberally construed, the Court cannot discern any claims of fraud in Meier's instant federal complaint that he did not already litigate, or could not have litigated, during the prior state court proceedings.[9]  Thus, to the extent Meier asserts any fraud claims in this action, they are barred by *res judicata*.  Together with Meier's admission that he is not asserting any PIP claim in this action, *see supra* at 14, no genuine dispute remains to be resolved in this case.  Thus, Allstate's instant motion should be granted, and Meier's complaint should be dismissed.

## III.    CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Allstate's Motion for Partial Summary Judgment **(ECF No. 37)** be **GRANTED** and that Meier's complaint be **DISMISSED**.

Dated: June 21, 2023                                          s/David R. Grand
Ann Arbor, Michigan                                      DAVID R. GRAND
                                                                      United States Magistrate Judge

## <u>NOTICE TO THE PARTIES REGARDING OBJECTIONS</u>

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to

---

[9] The only facts that appear to have been unknown to Meier and could not have been addressed in his prior state court proceedings are his assertions that "Allstate [] filed a waiver to the U.S. Supreme Court petition admitting everything stated by the plaintiff was true." (ECF No. 1, PageID.8).  In its March 13, 2023 Order, however, the Court explained why such assertion is wholly without merit.  (*See* ECF No. 31, PageID.195 n.5).

file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 21, 2023.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager