UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL LUKE MEIER,

    Plaintiff,

v.

                      Case No. 22-cv-12154
                      Hon. Matthew F. Leitman

ALLSTATE PROPERTY AND
CASUALTY INS. CO,

    Defendant.
_____/

**ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 55) TO REPORT AND RECOMMENDATION (ECF No. 51); (2) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION; (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 37); AND (4) TERMINATING PLAINTIFF'S MOTION FOR PERMISSIVE JOINDER (ECF No. 57) AS MOOT**

In this action, Plaintiff Daniel Luke Meier brings claims against Defendant Allstate Property and Casualty Insurance Company ("Allstate"). (*See* Compl., ECF No. 1.) Meier says that in previous litigation that he filed against Allstate in state court, Allstate committed fraud and conspired with various state-court judges to deprive him of his day in Court. (*See id.*)

On March 30, 2023, Allstate moved for summary judgment. (*See* Mot., ECF No. 37.) Allstate asserted that the doctrine of *res judicata* barred Meier's claims because he previously raised his fraud and conspiracy claims in state court, and the

1

state court rejected them. (*See id.*) The assigned Magistrate Judge agreed, and he issued a report and recommendation in which he recommended that the Court grant Allstate's motion and dismiss Meier's Complaint (the "R&R"). (*See* R&R, ECF No. 51.)

Meier has now filed objections to the R&R. (*See* Objections, ECF No. 55.) The Court has carefully reviewed the objections and **OVERRULES** them. As further explained below, the objections do not identify any specific error with the legal reasoning explained by the Magistrate Judge. Nor do the objections persuade the Court that *res judicata* does not bar Meier's claims here. Accordingly, the Court **ADOPTS** the recommended disposition of the R&R, **GRANTS** Allstate's motion, and **DISMISSES** Meier's Complaint.

I

A

The factual background and procedural history of this action were described in detail in the R&R. In brief, on June 3, 2013, Meier was injured when the motorized mountain bike he was driving was struck by a moving vehicle. (*See* ECF No. 37-2, PageID.299.) Meier thereafter filed a lawsuit against Allstate in the Wayne County Circuit Court for the payment of Michigan No-Fault Personal Injury Protection benefits. (*See* ECF No. 37-5.) The state court ultimately granted judgment against Meier in that case. (*See* ECF No. 37-7.)

In 2016, Meier filed a second action against Allstate in the Wayne County Circuit Court. (*See* ECF No. 37-11.) In that case, Meier claimed that both Allstate and the state-court judge assigned to his first suit committed fraud during that case. (*See id.*) The state court dismissed Meier's second action with prejudice due to his failure to participate in discovery. (*See* ECF No. 37-13.)

**B**

On August 23, 2022, Meier filed this action against Allstate in the United States District Court for the Northern District of Texas. (*See* Compl., ECF No. 1.) That court subsequently transferred Meier's action to this Court. In this case, Meier again claims that his state court proceedings were tainted by fraud and an illegal conspiracy perpetrated against him by Allstate and the presiding state court judges. (*See id.*)

On March 30, 2023, Allstate moved for summary judgment. (*See* Mot., ECF No. 37.) Allstate argued that Meier "clearly intend[ed] to relitigate the issues he alleged in his 2013 and 2016 lawsuits against Allstate, all of which have been adjudicated on the merits." (*Id.*, PageID.279.) Allstate therefore insisted that Meier's claims were "barred by the doctrine of *res judicata*." (*Id.*)

The Court referred Allstate's motion to the assigned Magistrate Judge. On June 21, 2023, the Magistrate Judge issued the R&R in which he agreed with Allstate that *res judicata* barred Meier's claims in this case. (*See* R&R, ECF No. 51.) The

3

Magistrate Judge explained that "even liberally construed, the Court cannot discern any claims of fraud in Meier's instant federal complaint that he did not already litigate, or could not have litigated, during the prior state court proceedings. Thus, to the extent Meier asserts any fraud claims in this action, they are barred by *res judicata*." (*Id.*, PageID.934.) The Magistrate Judge therefore concluded that "no genuine dispute remains to be resolved in this case," and he recommended that the Court grant Allstate's motion and dismiss Meier's Complaint. (*Id.*) Meier filed objections to the R&R on July 3, 2023. (*See* Objections, ECF No. 55.)

### III

The Court has carefully reviewed Meier's objections, conducted a *de novo* review of the portions of the R&R to which Meier objected, and **OVERRULES** the objections. The objections are difficult to follow, but throughout the objections, Meier repeatedly asserts that his previous-state court lawsuits were meritorious, but he was "arbitrarily and unjustly denied decisions in his favor by acts of fraud upon the court." (*Id.*, PageID.944.) And he insists that the decisions of the state courts cannot form the basis of *res judicata* because "orders obtained through fraud upon the court are never *res judicata* and can always be collaterally attacked as void as a matter of law." (*Id.*, PageID.696.) Meier's objections fail for several reasons.

First, and most importantly, Meier does not specifically address the legal reasoning and analysis explained by the Magistrate Judge. In the R&R, the

4

Magistrate Judge specifically considered Meier's argument that *res judicata* did not bar his claims because the relevant state-court rulings were procured by fraud, and he rejected it:

> As to Allstate's motion based on *res judicata*, Meier's arguments in response are somewhat difficult to decipher, but, as best as can be discerned, he does not contest that his state court proceedings and the instant federal action involve the same parties or their privies – Meier, Allstate, and state court trial judges MacDonald and Groner. Rather, the gravamen of Meier's response appears to be that, for purposes of res judicata, Allstate cannot rely on "prior orders or judgments having been 'previously litigated' through fraud which have absolutely no impact whatsoever on the merits of this instant federal case" because "Allstate has not and cannot provide any proof *res judicata* applies to any of their prior orders or rulings made through fraud upon the court or that they preclude addressing anything moving forward." (ECF No. 39, PageID.580-81 (emphasis in original)). According to Meier, "[n]o order denying the Plaintiff a decision in his favor on what was admitted will ever be *res judicata*, because the original claims stated a claim on which relief could be granted and denial of that relief can only be done by fraud and the depravation of the Plaintiff's rights under the law," and thus "[t]he prior illegal orders supported by fraud upon the court is evidence of nothing except that it validates that injustice did in fact occur." (Id., PageID.578, 583). In addition to the fact that Meier has provided no basis for his circular and conclusory "fraud in perpetuity" arguments, those arguments also cannot help him escape the fact that, in Meier II, he raised the *exact same fraud claims* he now raises in this action, based on the *same alleged conspiracy* between Allstate and Judge MacDonald in Meier I that ultimately resulted in summary disposition for the defendants. To be clear, the fraud claims Meier raises in this case were already decided

5

> against him in Meier II, making them a quintessential example for applying *res judicata*.
>
> [….]
>
> Likewise, to the extent Meier alleges that fraud occurred during the state trial proceedings in Meier II, such as his claim that the trial court fraudulently granted Allstate's motion to dismiss for failure to comply with discovery orders or denied his motion to default Allstate for failing to answer the complaint, Meier appealed the trial court's rulings to the Michigan Court of Appeals, which affirmed, and then to the Michigan Supreme Court, which denied his application for leave to appeal, and then to the U.S. Supreme Court, which denied cert. (ECF Nos 37-15, 37-16). Thus, Meier's claims of fraud pertaining to the proceedings in Meier II are barred by *res judicata*, which applies broadly to not only claims he actually litigated, "but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not," Adair, 470 Mich. 105, 121, and any matters that "could have been resolved in the first [action]" involving the same parties that was decided on the merits. *Meier*, 2018 WL 4658038, at *4.

(R&R, ECF No. 51, PageID.930-931, 933; emphasis in original.)

Meier does not identify any error in this reasoning. More specifically, Meier does not respond to the Magistrate Judge's explanation that Meier's fraud claims here are barred by *res judciata* because he raised and/or could have raised these same fraud claims in state court. Instead, Meier simply repeats his argument that state-court orders procured by fraud cannot form the basis of *res judicata*. That is not responsive to the reasoning explained in the R&R. And as the Sixth Circuit has explained, where, as here, a plaintiff fails to "specifically address how the

6

[Magistrate Judge's] factual and legal recommendations were incorrect," a plaintiff has "waived any challenge" to those conclusions. *Fields v. Lapeer 71-A District Court Clerk*, 2 F. App'x 481, 482 (6th Cir. 2001) (holding that plaintiff's "conclusory objections" that did not address reasoning of the Magistrate Judge were "insufficient to preserve his appeal of the district court's judgment"). *See also Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004) (explaining that "[a]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context"). Meier's other objections likewise either do not address the reasoning explained in the R&R, simply repeat the same arguments Meier made before, or both. Meier's objections are therefore insufficient as a matter of law.

Moreover, instead of attacking the *legal reasoning* of the Magistrate Judge, Meier repeatedly attacks *personal integrity* of the Magistrate Judge, accusing him of "tyranny" and "undermin[ing] the principles of justice, fairness, and equal treatment fundamental to a democratic legal system." (Objections, ECF No. 55, PageID.945-946.) There is no basis for such *ad hominem* attacks. The Magistrate Judge carefully considered Meier's arguments and explained, in a thorough and detailed R&R, why those arguments lacked merit. As the Court previously warned Meier, such

7

"baseless attacks" on the Magistrate Judge "have no place in this litigation." (Order, ECF No. 42, PageID.795.)

For all of these reasons, the Court **OVERRULES** Meier's objections, **ADOPTS** the Magistrate Judge's recommended disposition of this action, and **DISMISSES** Meier's Complaint.

## IV

Finally, Meier has filed a motion for "permissive joinder" in which he asks the Court to allow him to amend his Complaint to add several Defendants to this action, including the state court judges who presided over his state-court litigation. (*See* Mot., ECF No. 57.) Because the Court is dismissing Meier's Complaint, it will **TERMINATE** his motion for permissive joinder as **MOOT**.

## V

For all of the reasons, explained above, **IT IS HEREBY ORDERED** as follows:

- Meier's objections (ECF No. 55) to the R&R are **OVERRULED**;

- The recommended disposition of the R&R (ECF No. 51) is **ADOPTED**;

- Allstate's motion for summary judgment (ECF No. 37) is **GRANTED**;

- Meier's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**; and

- Meier's motion for permissive joinder (ECF No. 57) is **TERMINATED AS MOOT**.

                                           s/Matthew F. Leitman  
                                           MATTHEW F. LEITMAN  
                                           UNITED STATES DISTRICT JUDGE

Dated: September 13, 2023

     I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 13, 2023, by electronic means and/or ordinary mail.

                                           s/Holly A. Ryan  
                                           Case Manager  
                                           (313) 234-5126